J. L. Bottom et al *v.* Elgy Chandler.

Land—Gift of—Future Recognition—Dower.

The father bought a tract of land and directed the vendor to convey it to his daughter. A few hours before the father's death he called on the grantor to remember his promise to the daughter. No deed or writing having been made between the parties. Held, that a direction to convey to the daughter and future recognition of the gift by her father, must be regarded as a gift of either the money or land to her. The title never being in the father, either equitable or legal, the widow is not entitled to dower.

APPEAL FROM ADAIR CIRCUIT COURT.

October 9, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

In the winter of 1844-45 McWherter in exchange sold John Monday deceased a tract of 62 acres of land for $302 paid and $12 to be paid.

Monday directed him to convey it to his daughter Nancy, then some eight years old, who is now the wife of J. T. Bottom.

But a few hours before his decease Monday called on McWherter as he testifies *"to remember my promise to his child;"* no deed or other writing seems to have been executed by McWherter, but he says he will convey when the remaining $12 is paid.

Although Monday and his family seem to have resided on the land as well as Bottom and his family, yet the widow never claimed dower in it, and as the direction to convey to Nancy and future recognition of the gift by her father must be regarded as a gift of either the money or land to her, the title never being in the father, either equitable or legal, the widow is not entitled dower.

It was therefore erroneous to adjudge dower to her and subject it to payment of her debts created since her husband's death. Judgment reversed, with directions to dismiss appellee's petition.

*Garnett, Caldwell, for appellant.*

*J. R. Robinson, for appellee.*